933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean Emery WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Leslie ALLEN, Defendant-Appellant.
 Nos. 90-3172, 90-3177.
 United States Court of Appeals, Tenth Circuit.
 May 21, 1991.
 
 ORDER AND JUDGMENT*
 Before TACHA, BALDOCK and EBEL, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 Defendants-appellants Brian Allen and Sean Williams argue the district court erred in denying their motions to suppress evidence obtained during an allegedly illegal search and seizure. Allen also contends there was insufficient evidence to support his conviction. We affirm.
 
 
 2
 At approximately 8:00 a.m. on October 5, 1989, Kansas Highway Patrol Trooper Greg Jirak stopped a blue Mercury Sable driven by Williams in Thomas County, Kansas. Allen was a passenger in this automobile. Officer Jirak testified that he stopped the car for speeding and a violation of Kansas' seat belt statute. Williams produced his driver's license and the rental agreement for the automobile. Officer Jirak ran a NCIC search on Williams, finding he did not have any outstanding warrants.
 
 
 3
 The officer issued Williams a warning ticket, returned his documents, and advised him he was free to go. He then asked Williams whether there were any guns or drugs in the automobile. When Williams replied in the negative, Officer Jirak asked if he could search the vehicle. Williams agreed. The officer first searched the interior of the car and found nothing. He then asked Williams to open the trunk, which Williams did by flipping the interior latch. Officer Jirak lifted the mat covering the wheel well and discovered a white towel. He pulled up on the towel and a cellophane package weighing about one kilogram fell out. The officer obtained Williams' permission to poke a hole in the package with his pocket knife. Officer Jirak discovered a white powder in the package which later proved to be cocaine.
 
 
 4
 After finding the package, the officer asked Williams to sign a consent to search form. At first, Williams refused to sign the form, but he executed the document after reading it. Officer Jirak arrested Williams and Allen.
 
 
 5
 The automobile was impounded and a search warrant was issued and executed. Several pieces of luggage were found in the trunk. A gray suit bag contained a shirt with a piece of paper stapled to it on which the name "Allen" was written. Several pairs of size 32 pants were also found in this bag. Williams testified at trial that he wore size 36 pants. The gray suit bag also contained a bottle of procaine hydrochloride, a common diluent of cocaine, and a small amount of "crack" cocaine found in a sock.
 
 
 6
 Williams and Allen were charged with possessing cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Both moved to suppress the evidence found in the automobile, arguing it was the fruit of an illegal search and seizure. The district court found the stop was not pretextual and Williams had consented to the search of the automobile.
 
 
 7
 Williams entered a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(1). He was sentenced to sixty months' imprisonment and four years' supervised release. Allen was found guilty by a jury and sentenced to 120 months' imprisonment and eight years' supervised release.
 
 
 8
 The motions to suppress the cocaine found in the trunk of the car were properly denied. In reviewing this ruling, we accept the district court's findings of fact unless they are clearly erroneous. United States v. Lopez, 777 F.2d 543, 548 (10th Cir.1985).
 
 
 9
 First, the district court properly concluded the stop was not pretextual. There is no evidence in the record indicating Officer Jirak had an illicit motive for stopping the automobile driven by Williams. The officer testified he routinely stopped vehicles travelling seventy-three miles per hour in a sixty-five miles per hour speed zone. See United States v. Erwin, 875 F.2d 268, 272 (10th Cir.1989); United States v. Guzman, 864 F.2d 1512, 1515-18 (10th Cir.1988).
 
 
 10
 Second, the district court's conclusion that the encounter between Officer Jirak and Williams became an ordinary consensual encounter between a private citizen and a law enforcement official after Williams was told he was free to leave was not clearly erroneous. United States v. Werking, 915 F.2d 1404, 1409 (10th Cir.1990). A reasonable person in Williams' position would have realized he was not required to cooperate with the officer. Id. at 1408-09. The record contains no evidence indicating Williams was constrained by an overbearing show of authority. The only show of authority was the fact Officer Jirak was a uniformed highway patrolman. This fact alone is not sufficient to prove Williams was detained against his will. Id. at 1409. Because Williams was free to leave the scene at any time, he was not "seized" within the meaning of the fourth amendment. Id. As the Supreme Court recently held, "[t]he word 'seizure' readily bears the meaning of laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful." California v. Hodari D., 49 Cr.L. 2050, 2051 (U.S. Apr. 23, 1991). There was no seizure in this case.
 
 
 11
 Finally, the district court properly found Williams had consented to the search of the interior and trunk of the car. We will reverse only if we determine the district court's ruling was clear error. Schneckloth v. Bustamonte, 412 U.S. 218, 233-34 (1973); United States v. Corral, 899 F.2d 991, 994 (10th Cir.1990). Based on our review of the record, we conclude the government proved Williams' consent was given knowingly and voluntarily.
 
 
 12
 There was sufficient evidence to prove Allen possessed cocaine with an intent to distribute. In reviewing the sufficiency of the evidence on which a jury conviction rests, we evaluate the evidence in the light most favorable to the government. United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989), abrogated on other grounds, Gozlon-Pererz v. United States, 111 S.Ct. 840 (1991). All reasonable inferences and credibility choices are made in favor of the jury's conclusions. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). The evidence need not exclude every reasonable hypothesis other than guilt; it must only be sufficient for a reasonable jury to find guilt beyond a reasonable doubt. United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987).
 
 
 13
 There was sufficient circumstantial evidence, including the evidence found in the gray suit bag, to permit the jury to conclude beyond a reasonable doubt that Allen possessed the cocaine with an intent to distribute. See United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). Although there was some evidence presented tending to exonerate Allen, there was a sufficient basis for the jury to discredit this testimony. We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3